UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARSHAUN LAWS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| | ) | Judge |
| **SALEH OBASI, M.D., Warden TARRY** | ) | |
| **WILLIAMS, and WEXFORD HEALTH** | ) | |
| **SOURCES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | Trial by Jury Demanded |

## PLAINTIFF'S COMPLAINT FOR LEGAL AND INJUNCTIVE RELIEF

Plaintiff Marshaun Lewis, by his attorneys PETER R. COLADARCI, LTD., complaining of defendants Saleh Obasi, M.D., Warden Tarry Williams and Wexford Heath Sources, Inc., states:

## JURISDICTION AND VENUE

This action is brought, in part, pursuant to 42 USC §1983 for deprivation of plaintiff's constitutional civil rights; jurisdiction is therefore appropriate under 28 USC §1331 and 1343.

The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 USC §1391(b).

## THE PARTIES

1. Plaintiff, at all material times hereto, was an inmate at Stateville Correctional Center in Joliet, Illinois and unable to select or provide for his own medical care.

2.      Defendant Saleh Obasi ("Obasi" hereafter) was at all material times hereto a physician licensed to practice medicine in the State of Illinois and employed by defendant Wexford Health Sources, Inc. as Medical Director at Stateville Correctional Center, and further was at all material times hereto acting under color of state law.

3.      Defendant Wexford Health Sources, Inc., was at all material times a for-profit corporation engaged in the practice of medicine through its contract with the Illinois Department of Corrections at Stateville Correctional Center where it was the exclusive provider of medical care for inmates incarcerated there, including plaintiff, and further was at all material times hereto acting under color of state law.

4.      Defendant Warden Tarry Williams ("Williams" hereafter) was at all material times hereto the Warden of Stateville Correctional Center in the State of Illinois and further was at all material times hereto acting under color of state law.

## FACTS

5.      In 2002 plaintiff injured his is back in an automobile accident; plaintiff's ensuing back pain has been chronic and progressive, eventually developing into severe sciatic pain radiating down his right leg and foot, making it difficult or impossible to walk, sit for any length of time or engage in other regular activities of daily living.

6.      Medical literature establishes that the most common cause for sciatic pain is ruptured, herniated or bulging vertebral discs.  Ex. 1: *The Natural History of Sciatica Associated with Disc Pathology: A Prospective Study with Clinical and Independent Radiologic Follow-Up:* Spine October 1992; Ex. 2: *Surgery versus Prolonged Conservative Treatment for Sciatica:* Paul, et al, New England Journal of Medicine 356:

2245-2256 May 31, 2007.

7.    Sciatic pain occurs when ruptured disc material or bone spurs impinge on the sciatic nerve causing radiating pain in the patient's lower extremity.  Ex. 3:  *Sciatica,* Mayoclinic.org/ Diseases and Conditions (February 2015).

8.     X-rays of the lumbar spine may identify bone spurs causing sciatic pain; Magnetic Resonance Imaging studies (MRIs) are able to identify extruded disc material or bulging discs impinging on the sciatic nerve.  Ex. 3.

9.    Because Stateville Correctional Center does not have MRI equipment, inmates requiring an MRI for diagnosis of back pain must be referred to an off site medical facility, such as the University of Illinois-Chicago Medical Center.

10.    Once the cause of the sciatic pain is identified, various therapeutic approaches are highly effective in resolving sciatic pain: physical therapy, corticosteroid injections and surgery have been demonstrated to be effective    Exs. 1-3, supra.

11.    Since at least 2013 plaintiff has filed multiple medical requests asking for necessary diagnostic tests, particularly an MRI, and treatment of his crippling sciatic pain: Such medical requests were routinely ignored.

12.    Since at lease 2013 plaintiff has filed multiple administrative grievances seeking appropriate and effective medical care of his sciatic pain: due appeals were taken and denied:  Plaintiff has therefore exhausted his administrative remedies pursuant to the PLRA.  42 USC §1997 (e).

13.    Since at least 2004 defendant Wexford's policy was to x-ray inmates with chronic back pain notwithstanding that MRIs are needed to identify and diagnose herniated or ruptured spinal discs.  Ex. 4, Wexford's *Medical Policies and Procedures,*

3

*Guidelines, Protocols,* Orthopedic Surgery guidelines OS-2.

14.     Patients with chronic back pain, including the plaintiff, who had normal x-rays were prescribed "heat" and nonsteriodal anti-inflammatory drugs (NSAIDs) notwithstanding that they had herniated or ruptured discs requiring physical therapy, steroid injections or surgery.

15.     Because of Wexford's policy of not treating or properly diagnosing sciatic pain caused by ruptured or herniated discs, a practice developed at Stateville Correctional Center among the medical and other staff not to document inmate complaints of sciatic pain or signs and symptoms of sciatic back pain caused by ruptured or herniated spinal discs;  Further, medical and other staff developed a practice not to request or order necessary treatment or diagnostic procedures they knew defendant Wexford would not approve.

## COUNT I

16.     Plaintiff adopts and incorporates paragraphs 1-15 herein.

17.     On November 5, 2013 plaintiff was seen by defendant Obasi in the Statevillle Health Care Unit and he described to defendant Obasi typical symptoms of sciatic back pain, namely severe lower back pain radiating down his right leg into his foot; Defendant Obasi therefore ordered x-rays be taken of plaintiff's lower back; such x-ray studies did not show the cause of plaintiff's back pain.

18.     The presence of sciatic back pain and the absence of positive x-ray findings indicate that the sciatic nerve is being impinged by extruded soft tissue disc material or a bulging disc, which can be confirmed only by an MRI.  Exs.1-3.

19.     Defendant Obasi, during pertinent times of his care and treatment of

4

plaintiff's sciatic back pain, in part because he believed defendant Wexford would not approve necessary evaluations and treatment, committed one or more of the following acts of deliberate indifference and reckless disregard of the serious medical needs of the plaintiff:

a.    Did not order procedures necessary to diagnose the cause of plaintiff's sciatic back pain;

b.    Did not order necessary and appropriate medical follow-up appointments or treatments, including consults by orthopedic or neurological specialists;

c.    Ordered inappropriate and inadequate medical treatments and medications;

d.    Deliberately denied necessary evaluation and treatment of plaintiff's sciatic back pain to reduce the expense to defendant Wexford of engaging off site specialists for inmate medical care, known as "Utilization Management";

f.    Ignored plaintiff's requests for evaluation and treatment;

g.    Was otherwise deliberately indifferent to the serious medical needs of the plaintiff.

20.    As a direct and proximate result of one or more of the foregoing acts of deliberate indifference and reckless disregard, plaintiff was caused and continues to suffer undue pain and suffering, disability and loss of a normal life; plaintiff was thereby deprived of rights, privileges and immunities guaranteed by the Eighth Amendment to the United States Constitution; specifically he was subject to cruel and unusual punishment.

WHEREFORE, plaintiff respectfully requests this Court enter judgment in his favor and against defendant Obasi for an amount in excess of $100,000.00 in compensatory and punitive damages, injunctive relief compelling defendant to refer plaintiff for necessary diagnostic tests and therapeutic treatment, including surgery if

5

found to be medically necessary, costs and attorneys fees due under the Civil Rights

statutes and Federal Rules of Civil Procedure.

## COUNT II

21.    Plaintiff adopts and incorporates herein paragraphs 1-15 above.

22.    Defendant Wexford had, at pertinent times hereto certain policies,

procedures and practices in effect at Stateville Correctional Center which were

consciously and deliberately indifferent to the serious medical needs of inmates

incarcerated there, including the plaintiff; specifically policies, procedures and practices:

      a.     Not to refer inmates with serious medical needs to off-site specialists for evaluation and treatment;

      b.     To refuse to refer inmates with serious medical needs to off-site specialists for evaluation and treatment when requested by the inmate;

      c.     To ignore inmates' serious medical needs which might require off-site evaluation and treatment;

      d.     To ignore the orders and recommendations of off-site specialists for treatment and evaluation of inmate's serious medical needs;

      e.     Not to provide enough physicians and other medical personnel to evaluate and treat inmates' serious medical needs at Stateville Correctional Center;

      f.     To provide inadequate and ineffective medical care and treatment;

      g.     Not to document inmate complaints or clinical signs and symptoms of illnesses and conditions which Wexford, by way of its policies, procedures and practices, would not diagnose or treat;

      h.     Was otherwise deliberately indifferent to inmates', including plaintiff's, serious medical needs.

23.     As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, such acts and conduct having been caused by defendant Wexford's policies, procedures and practices, plaintiff was caused to suffer undue pain and suffering, disability and loss of normal life,  plaintiff was thereby deprived of rights, privileges and immunities guaranteed by the Eighth and  Amendment to the United States Constitution specifically suffered cruel and unusual punishment.

WHEREFORE, plaintiff respectfully requests this Court enter judgment in his favor and against defendant Wexford Health Sources, Inc. for an amount in excess of $100,000.00 in compensatory and punitive damages, injunctive relief compelling defendant to refer plaintiff for necessary diagnostic tests and therapeutic treatment, including surgery if medically necessary, costs and attorneys fees due under the Civil Rights statutes and Federal Rules of Civil Procedure.

## COUNT III

24.     Plaintiff adopts paragraphs 1-14 above.

25.     Since at least October 29, 2007 plaintiff was seen by defendant Wexford's agents and employees on several occasions in the Stateville Health Care Unit for complaints of chronic low back pain and after October 23, 2013 for complaints and signs and symptoms of sciatic back pain; Also, on several occasions plaintiff's scheduled sick call appointments were cancelled because defendant did not schedule or insure appropriate medical professionals would be present for designated sick calls.

26.     X-rays taken after November 5, 2013 did not show the source or cause of

7

plaintiff's sciatic back pain.

27.     The presence of sciatic back pain and the absence of positive x-ray findings indicate that the sciatic nerve is being impinged by extruded soft tissue disc material or a bulging disc, which can be confirmed only by an MRI.  Exs.1-3.

28.     Defendant Wexford, acting at all times through its employees, actual and apparent agents and others, at pertinent times hereto, committed one or more of the following acts of deliberate indifference and reckless disregard of the serious medical needs of the plaintiff:

a.      Did not  refer him to off-site specialists for evaluation and treatment;

b.      Delayed referring him to off-site specialists for evaluation and treatment;

c.      Ignored his serious medical needs which might require off-site evaluation and treatment;

d.      Did not provide necessary physicians and other medical personnel to evaluate and treat plaintiff's serious medical needs at Stateville Correctional Center;

e.      Provided inadequate and ineffective medical care and treatment;

f.      Was otherwise deliberately indifferent to plaintiff's serious medical needs.

29.     As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, plaintiff was caused to suffer undue pain suffering, disability and loss of normal life in that his chronic low back pain and sciatic back pain were not properly diagnosed or treated and was thereby deprived of rights, privileges and immunities guaranteed by the Eighth Amendment to the United States Constitution;

Specifically, he was subjected to cruel and unusual punishment.

WHEREFORE, plaintiff respectfully requests this Court enter judgment in his favor and against defendant Wexford Health Sources, Inc. for an amount in excess of $100,000.00 in compensatory and punitive damages, injunctive relief compelling defendant to refer plaintiff for necessary diagnostic tests and therapeutic treatment, including surgery if medically necessary, costs and attorneys fees due under the Civil Rights statutes and Federal Rules of Civil Procedure.

## COUNT IV

30.     Plaintiff adopts and incorporates paragraphs 1-15 herein.

31     At all material times hereto plaintiff was and is an inmate at the Stateville Correctional Center in Joliet, Illinois.

32     In 2013, while incarcerated at Stateville Correctional Center, plaintiff developed severe acute lower back pain, also know as sciatica.

33.     At all material time hereto, Defendant Tarry Williams was Warden of Stateville Correctional Center, and therefore ultimately responsible for medical care given inmates there.

.34.     On or about May 2, 2014 defendant Williams received a grievance prepared by plaintiff on or about October 23, 2013 seeking to have an MRI taken of his back: Defendant Williams rejected plaintiff's pleas for such necessary diagnostic evaluation on May 5, 2015.

35.     At the time defendant Williams became aware of plaintiff's sciatic back pain, she committed one or more of the following deliberately indifferent

acts and omissions:

    a.    Refused to direct appropriate health care providers to have plaintiff referred off site for an MRI and other diagnostic tests necessary for definitive surgical or medical treatment;

    b.    Failed to direct defendant Wexford, its agents and employees to refer plaintiff for diagnostic or surgical consultations;

    c.    Was otherwise deliberately indifferent to the serious medical needs of Stateville inmates, including plaintiff.

36.    As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, plaintiff has in the past and presently suffers from undue pain and suffering, disability and loss of a normal life; Moreover, the foregoing are violations of plaintiff's right to be free from cruel and unusual punishment under the 8th Amendment to the United States Constitution.

WHEREFORE, plaintiff respectfully requests this Court enter judgment in his favor and against defendant Warden Tarry Williams. for compensatory and punitive damages in excess of $100,000.00, injunctive relief compelling defendant to order that plaintiff be referred to off site specialists for necessary diagnostic tests and therapeutic treatment, including surgery if medically necessary, and for due attorneys fees and costs under the Civil Rights Statutes and Federal Rules of Civil Procedure.

_s/Peter R. Coladarci, Esq._

s/Peter R. Coladarci
ARDC #6183024
Attorney for Plaintiff
PETER R. COLADARCI, LTD.
134 N. LaSalle St.
Suite 1450
Chicago, Illinois 60602
(312) 316-3673
Peterr.coladarci@sbcglobal.net